JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

JOE SHIELDS IN PRO PER

United States Courts
Southern District of Texas
FILED

JUN 1 4 2017

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GOLDEN TICKET GETAWAYS INC D/B/A | ) | COMPLAINT FOR CIVIL DAMAGES |
| 360GETAWAYS.NET, CLEMENT | ) | AND PERMANENT INJUNCTIVE |
| SCANTLEBURY INDIVIDUALLY, BPCL | ) | RELIEF |
| MANAGEMENT LLC, DANIEL LAMBERT | ) | |
| INDIVIDUALLY and JAMES VERRILLO | ) | |
| INDIVIDUALLY | ) | |
| | ) | |
| Defendants | ) | JURY TRIAL REQUESTED |

### ORIGINAL COMPLAINT

Plaintiffs Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal

Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2.    Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## ARTICLE III STANDING

3.    Plaintiff has suffered concrete injuries through the making of illegal robocalls and illegal telemarketing calls to his VOIP telephone number. The defendant's robocalls negatively affect consumer privacy regardless of whether the called party pays for the call. The Defendant's illegal robocalls invaded Plaintiffs privacy, a legally protected interest. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages and injunctive relief.

## PLANTIFF

4.    Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a VOIP telephone subscriber in area code 281 which is in this courts district. Prior to the events complained about, Plaintiff and/or Plaintiff's family members did not request

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

or agree to contact of any kind with the any of the Defendants or any of Defendant's agents or subagents.

5.    Plaintiff and/or Plaintiff's family members have never provided prior express consent to the Defendants or any of Defendant's clients for automatically dialed prerecorded message calls (hereinafter "robocalls) to be made to Plaintiff's VOIP (Voice Over Internet Protocol) number 281-XXX-7603. Plaintiff has had the 281-XXX-7603 telephone number assigned to him under various telephone service providers for more than 26 years. Since August 12th, 2011 Plaintiff has had the 281-XXX-7603 assigned to him under a Vonage VOIP account.

6.    Plaintiff pays the bills for Plaintiff's VOIP service and is therefore legally responsible for the VOIP accounts. All calls to Plaintiff's VOIP number result in a reduction to the capped data usage of Plaintiff's Internet Service.

## DEFENDANTS

7.    Golden Ticket Getaways Inc. d/b/a 360getaways.net (hereinafter Golden Ticket) is a Florida corporation that has registered with the Florida Department of State to conduct Defendant's business. The Defendant Golden Ticket has registered the sole officer of Golden Ticket, Clement Scantlebury (hereinafter "Scantlebury") as registered agent of Golden Ticket. Golden Ticket maintains its corporate headquarters at 435 East State Road 434 STE 300 Longwood, Florida 32750-5203. Consequently, the Defendants

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Golden Ticket and Scantlebury may be served at the address registered with the Florida Department of State for accepting service of process.

8.  At all times Scantlebury, who is the sole officer of Golden Ticket, had full control over the day to day operations of Golden Ticket. Scantlebury as the sole officer of Golden Ticket approves, authorizes and participates in the purchasing, configuration and operation of the automatic dialing system(s) used by Golden Ticket or in contracting with a 3rd party agent of Golden Ticket to make prerecorded message on its and its clients behalf.

9.  BPCL Management LLC f/k/a Bahamas Paradise Cruise Line LLC f/k/a Grand Holiday Cruise Line LLC (hereinafter BPCL Management) is a Florida corporation that has registered with the Florida Department of State to conduct Defendant's business. The Defendant BPCL Management has registered Greenspoon Marder, P.A. as registered agent of BPCL Management. Greenspoon Marder's address as provided to the Florida Department of State is 200 East Broward Boulevard, Suite 1800 Fort Lauderdale, Florida 33301. Consequently, the Defendant BPCL Management may be served at the address registered with the Florida Department of State for accepting service of process.

10.  The Defendants Daniel Lambert (hereinafter "Lambert") and James Verrillo (hereinafter "Verrillo") have registered with the Florida Department of State as managing members of BPCL

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Management.   BPCL Management has registered its corporate address with the Florida Department of State as 2419 East Commercial Blvd, Suite 100, Fort Lauderdale, Florida 33301. Lambert and Verrillo have given the Florida Department of State the same address where they can be found on a day to day basis for accepting service of process.

11.  At all times the Defendants Lambert and Verrillo as managing members of BPCL Management have had full control over BPCL Management and authorize and participate in the day to day operations of BPCL Management. The Defendants Lambert and Verrillo have full control over setting up contracts with 3rd party agents such as Golden Ticket. The Defendants Lambert and Verrillo have authorized Golden Ticket to act as BPCL Management's agent to market "free" cruises for BPCL Management. The Defendants Lambert and Verrillo have been profiting from sham survey robocalls for several years under various company names all of which are located at the same address of BPCL Management.

12.  Lambert and Verrillo were and still are president and vice president of Nationwide Reservations registered in Texas as a d/b/a of Caribbean Cruise Line Inc. which Plaintiff named in his 1st sham survey robocall lawsuit. Nationwide Reservations was registered as a corporation in Florida at the same time. The same Nationwide Reservations Inc. was named as a defendant in Plaintiff's 2nd sham survey robocall lawsuit. Nationwide

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Reservations Inc. is located at the same 2419 East Commercial Blvd, Suite 100, Fort Lauderdale, Florida 33301 as BPCL Management.

<u>DEFENDANT'S BUSINESS PRACTICES</u>

13.   This is the 3rd lawsuit the Plaintiff has filed dealing with sham survey robocalls from the same recidivist individuals and companies to Plaintiff's family's cell phones and Plaintiff's VOIP line. These illegal robocalls will not stop despite the fact that Plaintiff's VOIP telephone number has been on the National do-not-call list since its inception in 2003. Plaintiff has made numerous do-not-call requests with these individuals and companies. In fact, the robocalls have become retaliatory in nature. For example, the robocall of 05/29/17 on Memorial Day was made shortly after the 05/26/17 robocall was made clearly indicating that Plaintiff was being retaliated against for pressing one to make a do-not-call request and for complaining about the illegal robocalls. The only reason for making back-to-back illegal robocalls to someone who clearly is not a prospect for their cruise promotion can only be for retaliatory purposes against that person. It is typical of those making illegal robocalls to threaten their victims with more robocalls and in response to a victim's do-not-call request.

14.   The Defendant Golden Ticket has registered as a seller of travel with the State of Florida thereby acting as an agent for Defendant BPCL Management. Defendant Golden Ticket has been purposely set up to deflect robocalls complaints from BPCL

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Management and to mislead others into the false belief that the Defendant BPCL Management is not involved with the sham survey robocalls. On information and belief, Golden Ticket has approval from BPCL Management to book customers into BPCL Managements system. Nevertheless, whether agent and/or subagent away from the making of the sham survey robocalls, the TCPA holds those **on whose behalf** a telemarketing call is made, that being BPCL Management, liable for any violation of the TCPA.

15.   The Defendant Golden Ticket either operates its own automatic dialing system that delivers robocalls to consumer's telephones or contracts with an off shore 3rd party (subagent) to use their automatic dialing system(s) to deliver robocalls to consumer's telephones. Further, the sham survey robocalls are in reality sales pitches as the Federal Trade Commission and numerous courts have determined. The Defendant Golden Ticket's sham survey robocalls specifically advertise the Grand Celebration Cruise ship which is owned by BPCL Management which clearly establishes that the robocalls are being made on behalf of BPCL Management. What is also abundantly clear is that BPCL Management authorized Defendant Golden Ticket to advertise and sell berths (cruises) on BPCL Management's boat, the Grand Celebration.

16.   This is the typical modes operandi that was concocted by Caribbean Cruise Line Inc. (hereinafter "CCL") in the beginning of 2012 in an attempt to bypass and thwart the TCPA. CCL realized very

quickly that they needed a buffer between them and the robocalls due to all the complaints and law suits that were filed against them. CCL began using 3rd party agents believing they could then escape liability for the robocalls by shifting the blame on their 3rd party agent. The scheme of directly using 3rd party agents[1] did not work out very well and the complaints and law suits continued. Entities like BPCL Management then concocted another scheme to bypass and thwart the TCPA by hiring 3rd party agents such as Golden Ticket who would then contract with a subagent, an off shore entity, that would make the robocalls on behalf of Golden Ticket and BPCL Management.

17. The Defendants Lambert and Verrillo have been involved with these robocalls ever since Caribbean Cruise Line concocted the sham survey robocall scheme in an attempt to bypass and thwart the TCPA in 2012. For example Defendant Lambert and Verrillo used a company, Nationwide Reservations Inc., registered to them at the same address of BPCL Management to outsource telemarketing calls for CCL to another 3rd party Ultimate Vacation Group LLC[2] who then outsourced the robocalls to an offshore entity in Belize Mexico.

---

[1]Originally in 2012 the robocalls were transferred to CCL. The 2014 robocalls asked for a telephone number which was then called by Ultimate Vacation Group LLC an agent for CCL. In the 2017 robocalls the call is transferred to Golden Ticket which books the cruises directly for and on behalf of BPCL Management a company formed to take the place of CCL.
[2]Shields v Ultimate Vacation Group LLC et al, Case No. 3:14-cv-00285, (US Dist. Court, SDTX, Galv. Div. Filed 01/22/15)

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Through various companies Lambert and Verrillo directly participated or authorized the acts resulting in statutory violations of the TCPA.

The TCPA

18. The TCPA prohibits the making of robocalls to cellular telephone numbers or to any number where the called party is charged for the call without prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii). Robocalls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy, a quantifiable and actionable injury under the TCPA. The prohibition on robocalls without the called parties consent applies to all robocalls regardless of how a prerecorded message call is received.

19. The TCPA also prohibits robocalls that are a sales pitch to a residential telephone number without the prior express **written** consent of the called party. See 47 U.S.C. §227(b)(1)(B) and 47 CFR §64.1200(a)(3).

20. In addition, the TCPAs prohibition on robocalls without consent of the called party or an emergency purpose applies to all calls regardless of content. Unsolicited robocalls to cell phones are extremely intrusive and a threat to safety when they distract a driver, someone operating heavy equipment or someone responsible

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

for the operation of sensitive equipment. Consequently, there is no exemption for the type of robocalls made by the Defendant.

21. The TCPA requires that all prerecorded messages identify the caller at the beginning of the message, and separately include a contact telephone number or address of the caller. 47 U.S.C. § 227(d)(3)(A) and 47 C.F.R. § 64.1200(b)(1). Without such identifying information it becomes impossible for consumers to stop the illegal robocalls.

## TEXAS BUSINESS AND COMMERCE CODE

22. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the rules of the TCPA or **any** provision under the CFR implementing the TCPA. All of The Defendants robocalls were answered and recorded by the Plaintiff. Robocalls made to cellular telephone numbers, to a number where the called party pays for the call without prior express consent of the called party or an emergency purpose or to a residential telephone number without prior express written consent of the called party are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053. The Texas Statute prohibition on robocalls without consent of the called party or an emergency purpose applies to all calls regardless of content.

## VIOLATIONS OF THE TCPA and TB&CC

Count I

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

23. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

24. On February 14th, 2017 at 2:27 p.m. The Defendants acting in concert with one another either caused to be made or made an illegal robocall[3] to Plaintiff's VOIP telephone number 281-XXX-7603. The robocall was made on behalf of the Defendant BPCL Management.

25. The Defendants did not have prior express consent from Plaintiff or any family member of the Plaintiff for the Defendants to make a prerecorded message call to the VOIP telephone number 281-XXX-7603. Thus the making of such prerecorded message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii), 47 U.S.C. §227(b)(1)(B), 47 CFR §64.1200(a)(1)(iii), 47 CFR §64.1200(a)(3) and TB&CC §305.053.

## Count II

26. The prerecorded message call that was made to the VOIP number 281-XXX-7603 on February 14th, 2017 at 2:27 p.m. did not provide the name of the caller that being Defendant Golden Ticket who holds the seller of travel license ST40097 which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(i), 47 C.F.R. §64.1200(b)(1) and TB&CC §305.053.

## Count III

---

[3] The Defendants initiated a robocall which was more than their automatic dialer could deliver which caused Plaintiff to receive what is commonly referred to as a dead air call.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

27.   The prerecorded message call that was made to the VOIP number 281-XXX-7603 on February 14th, 2017 at 2:27 p.m. did not provide the telephone number or address of the caller that being the telephone number or address of the Defendant Golden Ticket who holds the seller of travel license ST40097 which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(ii), 47 C.F.R. §64.1200(b)(2) and TB&CC §305.053.

### Count IV

28.   The prerecorded message call that was made to the VOIP number 281-XXX-7603 on February 14th, 2017 at 2:27 p.m. was made to a telephone number that was listed on the National do-not-call list since its inception in 2003 which constitutes a violation of 47 U.S.C. §227(c)(3)(F), 47 C.F.R. §64.1200(c)(2) and TB&CC §305.053.

### Count V

29.   The Plaintiff called the CID number 8443313315 and reached an employee of Golden Ticket who was instructed by the Plaintiff that Plaintiff's VOIP telephone number was on the National do-not-call list. The called party's response was to apologize for not being able to "accommodate" the Plaintiff with no mention of the National do-not-call list or any internal do-not-call list. Failing to have procedures in place which prevents telemarketing calls to numbers on the National do-not-call list is a violation of 47 C.F.R. §64.1200(c)(2)(D) and TB&CC §305.053.

### Count VI

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

30. On May 26th, 2017 at 10:10 a.m. The Defendants working in concert with one another either caused to be made or made an illegal robocall to Plaintiff's VOIP telephone number 281-XXX-7603. The robocall was made on behalf of the Defendant BPCL Management.

31. The Defendants working in concert with one another did not have prior express consent from Plaintiff or any family member of the Plaintiff for the Defendants to make a prerecorded message call to the VOIP telephone number 281-XXX-7603. Thus the making of such prerecorded message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii), 47 U.S.C. §227(b)(1)(B), 47 CFR §64.1200(a)(1)(iii), 47 CFR §64.1200(a)(3) and TB&CC §305.053.

Count VII

32. The prerecorded message call that was made to the VOIP number 281-XXX-7603 on May 26th, 2017 at 10:10 a.m. intentionally did not provide the name of the entity responsible for making the robocall that being Defendant Golden Ticket who holds the seller of travel license ST40097 which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(i), 47 C.F.R. §64.1200(b)(1) and TB&CC §305.053.

Count VIII

33. The prerecorded message call that that was made to the VOIP telephone number 281-XXX-7603 on May 26th, 2017 at 10:10 a.m. intentionally did not provide the telephone number or address of the entity responsible for making the robocall that being the telephone number or address of the Defendant Golden Ticket who

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

holds the seller of travel license ST40097which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(ii), 47 C.F.R. §64.1200(b)(2) and TB&CC §305.053.

## Count IX

34. On May 29th, 2017 at 9:57 a.m. The Defendants working in concert with one another either caused to be made or made an illegal robocall to Plaintiff's VOIP telephone number 281-XXX-7603. The robocall was made on behalf of the Defendant BPCL Management.

35. The Defendants working in concert with one another did not have prior express consent from Plaintiff or any family member of the Plaintiff for the Defendants to make a prerecorded message call to the VOIP telephone number 281-XXX-7603. Thus the making of such prerecorded message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii), 47 U.S.C. §227(b)(1)(B), 47 CFR §64.1200(a)(1)(iii), 47 CFR §64.1200(a)(3) and TB&CC §305.053.\

## Count X

36. The prerecorded message call that was made to the VOIP number 281-XXX-7603 on May 29th, 2017 at 9:57 a.m. intentionally did not provide the name of the entity responsible for making the robocall that being Defendant Golden Ticket who holds the seller of travel license ST40097 which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(i), 47 C.F.R. §64.1200(b)(1) and TB&CC §305.053.

## Count XI

37.   The prerecorded message call that that was made to the VOIP telephone number 281-XXX-7603 on May 29th, 2017 at 9:57 a.m. intentionally did not provide the telephone number or address of the entity responsible for making the robocall that being the telephone number or address of the Defendant Golden Ticket who holds the seller of travel license ST40097which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(ii), 47 C.F.R. §64.1200(b)(2) and TB&CC §305.053.On April 24th, 2017 at 5:30 p.m. The Defendant Dialing Services made an illegal robocall to Plaintiff's VOIP telephone number 281-XXX-7603.

Count XII

38.   On June 6th, 2017 at 02:34 p.m. The Defendants working in concert with one another either caused to be made or made an illegal robocall to Plaintiff's VOIP telephone number 281-XXX-7603. The robocall was made on behalf of the Defendant BPCL Management.

39.   The Defendants working in concert with one another did not have prior express consent from Plaintiff or any family member of the Plaintiff for the Defendants to make a prerecorded message call to the VOIP telephone number 281-XXX-7603. Thus the making of such prerecorded message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii), 47 U.S.C. §227(b)(1)(B), 47 CFR §64.1200(a)(1)(iii), 47 CFR §64.1200(a)(3) and TB&CC §305.053.

Count XIII

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

40.   The prerecorded message call that was made to the VOIP number 281-XXX-7603 on June 6th, 2017 at 02:34 p.m. intentionally did not provide the name of the entity responsible for making the robocall that being Defendant Golden Ticket who holds the seller of travel license ST40097 which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(i), 47 C.F.R. §64.1200(b)(1) and TB&CC §305.053.

Count XIV

41.   The prerecorded message call that that was made to the VOIP telephone number 281-XXX-7603 on June 6th, 2017 at 02:34 p.m. intentionally did not provide the telephone number or address of the entity responsible for making the robocall that being the telephone number or address of the Defendant Golden Ticket who holds the seller of travel license ST40097which constitutes a violation of 47 U.S.C. §227(d)(3)(A)(ii), 47 C.F.R. §64.1200(b)(2) and TB&CC §305.053.

APPLICABLE TO ALL COUNTS

42.   Plaintiff has suffered actual damages for the robocalls to Plaintiff's VOIP telephone numbers. The TCPA and TB&CC state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for **each** violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of

the TB&CC. Thus, Plaintiff seeks $7,000.00 for counts I (1) through counts XIV (14) for violations of the TCPA and the TB&CC.

43.   Plaintiff additionally alleges that the violations of the TCPA and TB&CC committed by the Defendants were done willfully and/or knowingly. Certainly, the fact that the Defendants despite numerous law suits by consumers and the Federal Trade Commission continues to violate the TCPA in the exact same manner is a exceptional example of willfully and or knowingly violating the TCPA. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 41 hereof.

## PERMANENT INJUNCTIVE RELIEF

44.   An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053. Plaintiff and members of the public will benefit from injunctive relief.

45.   Plaintiff alleges that Defendants will continue the invasion of Plaintiff's and members of the public privacy with their illegal robocalls.

46.   Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls to Plaintiffs' and other members of the public's cellular telephone numbers, VOIP telephone numbers,

residential telephone numbers and telephone numbers on the National do-not-call list without prior express consent of the called party.

47. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls to Plaintiffs' and other members of the public's cellular telephone numbers, VOIP telephone numbers, residential telephone numbers and telephone numbers on the National do-not-call list which do not provide the name of the entity responsible for making the robocall.

48. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls to Plaintiffs' and other members of the public's cellular telephone numbers, VOIP telephone numbers, residential telephone numbers and telephone numbers on the National do-not-call list which do not provide the telephone number of the entity responsible for making the robocall.

49. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053 seeks a permanent injunction barring the Defendants Golden Ticket Getaways Inc. d/b/a 360getaways.Net, Clement Scantlebury Individually, BPCL Management LLC, Daniel Lambert Individually And James Verrillo Individually from:

    a. Making or assisting, facilitating, permitting or causing robocalls to the cellular telephone numbers of members of

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

the public without 1st obtaining prior express consent of the recipient of the call.

b. Making or assisting, facilitating, permitting or causing robocalls to the telephone numbers of members of the public where the called party pays for the call without 1st obtaining prior express consent of the recipient of the call.

c. Making or assisting, facilitating, permitting or causing robocalls to the telephone numbers of members of the public whose telephone numbers are on the National do-not-call list without 1st obtaining prior express consent of the recipient of the call.

d. Making or assisting, facilitating, permitting or causing robocalls that do not provide the name of the entity responsible for making the robocall.

e. Making or assisting, facilitating, permitting or causing robocalls that do not provide the telephone number or address of the entity responsible for making the robocall.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law,

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

_Joe Shields_
_____
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603