JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

United States Courts
Southern District of Texas
FILED

JUN 14 2017

David J. Bradley, Clerk of Court

JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) CIVIL ACTION No. _____ |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| GOLDEN TICKET GETAWAYS INC D/B/A | ) COMPLAINT FOR CIVIL DAMAGES |
| 360GETAWAYS.NET, CLEMENT | ) AND PERMANENT INJUNCTIVE |
| SCANTLEBURY INDIVIDUALLY, BPCL | ) RELIEF |
| MANAGEMENT LLC, DANIEL LAMBERT | ) |
| INDIVIDUALLY and JAMES VERRILLO | ) |
| INDIVIDUALLY | ) |
| | ) |
| Defendants | ) JURY TRIAL REQUESTED |

<u>PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION</u>

Pursuant to 47 U.S.C. §227(b)(3)(A) and Texas Business and Commerce Code §305.053 Plaintiff Joe Shields moves the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining Defendants Golden Ticket Getaways Inc. d/b/a 360getaways.Net, Clement Scantlebury Individually, BPCL Management LLC, Daniel Lambert Individually And James Verrillo Individually and all entities acting in concert with or on behalf of Defendants from:

Making or assisting, facilitating, permitting or causing robocalls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call.

Making or assisting, facilitating, permitting or causing robocalls to the telephone numbers of members of the public where the called party pays for the call without 1st obtaining prior express consent of the recipient of the call.

Making or assisting, facilitating, permitting or causing robocalls to the telephone numbers of members of the public whose telephone numbers are on the National do-not-call list without 1st obtaining prior express consent of the recipient of the call.

Making or assisting, facilitating, permitting or causing robocalls to the telephone numbers of members of the public without 1st obtaining prior express written consent of the recipient of the robocall.

Making or assisting, facilitating, permitting or causing robocalls that do not provide the name of the entity responsible for making the robocall.

Making or assisting, facilitating, permitting or causing robocalls that do not provide the telephone number or address of the entity responsible for making the robocall.

This motion is based on the following facts:

1. Plaintiff alleges that Defendants will continue their blatant invasion of Plaintiff's and members of the public privacy with their illegal robocalls.

2. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls to Plaintiffs' and other members of the public's cellular telephone numbers, VOIP telephone numbers, residential telephone numbers and telephone numbers on the National do-not-call list without prior express consent or prior express written consent of the called party.

3. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls which do not provide the name of the entity responsible for making the robocall.

4. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unwanted and intrusive robocalls which do not provide the telephone number and address of the entity responsible for making the robocall.

5. Pursuant to Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure undersigned pro se Plaintiff Shields has filed an original complaint in this matter which articulates the ongoing harms Plaintiff and other members of the public are suffering from due to the unstoppable onslaught of sham survey robocalls that the Defendants are making or causing to be made on their behalf.

6. There is a substantial likelihood that Plaintiff will establish at trial that the Defendant's robocalls blatantly violate the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053.

7. A temporary restraining order is necessary to preserve the status quo, to prevent irreparable injury to the public that will result in Defendants continuing their behavior of blatantly blasting illegal robocalls to consumer's telephone numbers without the called parties consent. A temporary restraining order will allow the Court to render effective relief when the Plaintiff prevails at trial.

8. Without a temporary restraining order, Plaintiff and consumers similarly affected would have no adequate remedy at law. Plaintiff and consumers that are bombarded by Defendant's illegal robocalls couldn't put a stop to the illegal robocalls, and this Court's ability to fashion effective relief would be significantly impaired.

9. Any harm to the Defendants from enjoining the Defendants from making or causing to be made illegal robocalls would be far outweighed by the relief consumers would experience i.e. being free of Defendant's illegal sham survey robocalls. The Defendants will suffer no harm at all by the granting of Plaintiff's request except to be immediately held accountable to the Court for their ongoing blatant disregard for the laws of the United States.

10. Granting the requested preliminary relief will serve the public interest.

11. This Court has authority under Section 47 U.S.C. §227(c)(5) of the Telephone Consumer Protection Act to issue the requested preliminary relief.

12. Pursuant to civil procedure 65(c) Plaintiff is not required to post a bond as prerequisite to the issuance of an injunction.

This Emergency Motion is supported by a concurrently filed Memorandum of the Plaintiff in support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction

WHEREFORE, Plaintiff prays that the Defendants be enjoined from continuing to violate the Telephone Consumer Protection Act or any part thereof pending entry by the Court of a final judgment in this action.

_____
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603