United States District Court
Southern District of Texas
**ENTERED**
June 16, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-1813 |
| § | |
| GOLDEN TICKET GETAWAYS, § | |
| INC., *et al.*, § | |
|    Defendants. § | |

## MEMORANDUM AND ORDER DENYING EMERGENCY RELIEF

Plaintiff Joe Shields, proceeding *pro se*, filed this case on June 14, 2017, brings this case complaining that Defendants placed four "robocalls" to Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 277 *et seq.* ("TCPA"), and other related provisions of law. Defendants have not been served with process and have not appeared in this lawsuit. Contemporaneously with his Complaint, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. # 2] and a Memorandum [Doc. # 3] in support.

Plaintiff's filings fail to demonstrate any basis for *ex parte* emergency relief. Rule 65(a)(1) of the Federal Rules of Civil Procedure explicitly provides that no preliminary injunction may be issued unless the adverse party has notice. FED. R. CIV. P. 65(a)(1). *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 298 (5th Cir. 2012); *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d

306, 325-26 (5th Cir. 1999).  "Compliance with Rule 65(a)(1) is mandatory."  *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992).  A temporary restraining order may be granted without notice *only* if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  FED. R. CIV. P. 65(b)(1).

Plaintiff's filings fail to allege facts satisfying either requirement of Rule 65(b)(1).  Although the TCPA authorizes certain injunctive relief in a private suit, *see* 47 U.S.C. § 227(c)(5), this provision does not authorize emergency *ex parte* relief.  If, in a later stage of this lawsuit, Plaintiff establishes that Defendants have violated the TCPA, he may pursue his request for injunctive relief as appropriate.

For the foregoing reasons, it is hereby

**ORDERED**  that Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. # 2] is **DENIED**.

**SIGNED** at Houston, Texas, this **16th** day of **June, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE